IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00314-PAB

JAMES MEEKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

This matter is before the Court *sua sponte* on defendant's Notice of Removal (the "Notice") [Docket No. 1]. In the Notice, defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). *See* Docket No. 1 at 3, ¶ 13.

Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendant contends that the amount in controversy in this matter exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Here, the complaint does not claim damages in a sum certain. *See* Docket No. 1-1 at 2, ¶¶ 8, 12 (alleging that plaintiff has "sustained injuries including, but not limited to, chest pain, neck pain, mid back pain, low back pain and bilateral knee pain" as well as "severe headaches, all resulting in mental and physical pain and suffering" and requesting recovery of an unspecified amount pursuant to plaintiff's underinsured motorist benefits). The only dollar amount referenced in the complaint is the $25,000 plaintiff received from the underinsured motorist. *See* Docket No. 1-1 at 2, ¶ 11; *cf. Cameron v. State Farm Mut. Auto. Ins. Co.*, No. 10-cv-00699-PAB, 2010 WL 1413174, at *2 (D. Colo. April 2, 2010) ("[T]he only concrete figure in the amended complaint is a statement explaining that plaintiff is seeking compensation for his injuries that were not otherwise covered under another insurer's $25,000 policy limit."). The Court therefore must look to the Notice to determine if defendant has "affirmatively established" the amount in controversy. *See Laughlin*, 50 F.3d at 873. That inquiry is guided by the principle that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

To establish the amount in controversy, defendant asserts that plaintiff is seeking

underinsured motorist benefits under an insurance policy issued by defendant and that the "underinsured motorist limit is $100,000 per person, $300,000 per accident." Docket No. 1 at 2, ¶ 6. The policy limits do not, on their own, provide any information regarding whether and to what extent this case involves more than $75,000. Defendant also points out that plaintiff is "requesting double damages and attorney fees per statute." *Id.* But the "mere fact that Colorado law allows trebling of damages . . . is unhelpful in determining whether the amount at issue exceeds $75,000, at least until one can ascertain the base amount of damages that may be subject to trebling or interest ." *Tafoya v. American Family Mut. Ins. Co.*, No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009)*.* "Similarly, the mere fact that attorney's fees might be awarded to the Plaintiffs does not establish that the fees claimed (or found to have been reasonably incurred) would exceed $ 75,000.")." *Id.* Defendant also alleges that plaintiff "previously demanded policy limits to resolve the claim." Docket No. 1 at 2, ¶ 6. Defendant, however, has not provided any documentary support for that allegation, explained when plaintiff made this demand, or indicated whether the demand constitutes defendant's good faith estimate of the present amount at issue in this case. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (permitting district courts to consider settlement offers in assessing the jurisdictional amount and concluding that, "[t]o this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal"); *see Russell v. Shelter Ins. Co.*, 2011 WL 5877464, at *2 (W.D. Okla. Nov. 23, 2011) ("Unlike *McPhail*, correspondence between counsel that demonstrated that plaintiff's

attorney believed the amount in controversy could be in excess of $75,000, was not 'incorporated in the notice of removal.'") (quoting *McPhail*, 529 F.3d at 957); *Armur v. Transamerica Life Ins. Co.*, 2010 WL 4180459, at *3 (D. Kan. Oct. 20, 2010) ("'[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward.' This may include evidence from the defendant's employees or experts regarding how much it would cost to meet the plaintiff's demands or by reference to plaintiff's proposed settlement amount. However, general allegations are insufficient . . . .") (quoting *McPhail*, 529 F.3d at 956) (footnotes and additional citations omitted). In the absence of evidence, defendant's general assertions are insufficient to meet its "burden to prove the jurisdictional facts by a preponderance of the *evidence*." *Benefits Technologies, LLC v. Stanley*, 2010 WL 4736297, at *4 (N.D. Okla. Nov. 16, 2010) (citing *McPhail*, 529 F.3d at 955).[1]

---

[1]The Court also notes that the $100,000 policy limit, in the absence of any additional damages or multiplication of recovery, *see* Docket No. 1 at 2, ¶ 6 (noting that plaintiff seeks double damages and attorney's fees), may not be sufficient to establish the amount in controversy in any event. Plaintiff received $25,000 from the underinsured motorist. *See* Docket No. 1-1 at 2, ¶ 11. It is not clear whether defendant contends that the $100,000 policy means that the amount in controversy equals $100,000 or whether the $100,000 policy limit should, for purposes of determining the amount in controversy, be offset by the $25,000 plaintiff received from the underinsured motorist. If the latter, it is insufficient to support jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d at 956 ("[A] defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal."); *see also* Docket No. 1-5 (Def.'s Answer) at 3 ("Plaintiff's claims may be limited by the terms and conditions of his insurance policy, including but not limited to, policy limits and set offs."); *cf.*, *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-53 (6th Cir. 2011) (concluding that exactly $75,000 was insufficient to support jurisdiction where the plaintiffs sought "a declaratory judgment that their insurance policy provides

The only piece of evidence defendant cites which provides any basis for estimating an amount in controversy is the state court civil cover sheet, where plaintiff asserted his damages exceed $100,000.  *See* Docket No. 1 at 2, ¶ 5.  It is firmly established in this District that state court civil cover sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party" do not by themselves affirmatively establish the amount in controversy.  *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1210 (D. Colo. 2007); *Bauer v. Kipling*, No. 10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009).  Defendant presents no affidavits, admissions, interrogatory responses, or other sources of information other than the state court civil cover sheet to provide a factual basis suggesting that the amount in controversy requirement is satisfied.  *See McPhail*, 529 F.3d at 954, 956 (discussing documentation that may be proffered to demonstrate the amount in controversy).  Thus, defendant fails to meet its burden to prove the facts supporting removal pursuant to 28 U.S.C. § 1332(a).  Therefore, it is

**ORDERED** that this case is REMANDED to the District Court for the County of El Paso, Colorado, where it was originally filed as Case No. 12CV527, Division 7.

---

[uninsured/underinsured motorist] coverage up to $100,000 per accident, instead of the $25,000 per accident maximum that appears on the policy's face").

DATED February 8, 2012.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge